# IN THE COURT OF APPEALS OF IOWA

No. 21-1491
Filed May 22, 2024

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOSEPH VERNON KREMER,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Fae Hoover Grinde, Judge.

A defendant appeals his judgment and sentence for operating a motor vehicle without owner's consent and eluding. **APPEAL DISMISSED.**

John L. Dirks of Dirks Law Firm, Ames, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Badding and Buller, JJ.

**TABOR, Presiding Judge.**

Joseph Kremer contends that he was denied due process when the district court imposed judgment and sentence *before* he filed his written guilty pleas for two offenses—operating without owner's consent and eluding—committed in September 2021.[1]  The State argues that Kremer lacks good cause to appeal because the sentence was what he bargained for in the plea agreement.  We agree and dismiss the appeal.

February and March 2020 were quite eventful for Kremer.  Between February 23 and March 19, he racked up eight felony and four aggravated misdemeanor charges for alleged acts of burglary, theft, and eluding.  In a notice of plea agreement filed in September 2020, Kremer and the State resolved all twelve counts involving seven different case numbers.  But in April 2021, Kremer moved to vacate his guilty plea in one case.  The court granted his motion but vacated the entire agreement because the plea was part of a "global" bargain.

The following September, Kremer picked up three new charges under case number FECR142085.  Count I charged theft in the first degree, in violation of Iowa Code section 714.2(1) (2021), a class "C" felony; count II charged attempt to elude, in violation of section 321.279(3), a "D" felony; and count III charged interference with official acts, in violation of section 719.1(1)(b), a simple misdemeanor.

The next month, on October 4, Kremer filed written pleas of guilty on the first seven case numbers (encompassing the offenses from 2020).  On October 5,

---

[1] Although Kremer argues the conviction for an unproven, unpled charge violates his due process rights under the Fourteenth Amendment and article I, section 9 of the Iowa Constitution, he advocates for an errors-at-law standard of review.

the State filed a trial information in FECR142085 charging the three crimes from September 2021. On October 6, Kremer entered a written arraignment and a plea of not guilty in FECR142085. That same day, the district court entered a judgment and sentencing order on both the original case numbers and on new charges in case number FECR142085. All told, Kremer received indeterminate five-year terms on four felonies and two-year terms on seven aggravated misdemeanors. The court ran the sentences concurrently and suspended the fines.

For case number FECR142085, the court entered judgment on count I for the lesser-included-offense of operating without owner's consent and sentenced Kremer to no more than two years imprisonment. On count II, the court entered judgment for felony eluding and sentenced him to no more than five years. The court dismissed the interference count. But Kremer did not file his written guilty plea in that case until October 8, two days after judgment and sentencing.

Kremer appealed in November 2021—listing all eight case numbers. One week after appealing, Kremer filed a motion for reconsideration of his sentence in all eight cases. One month later, the court denied reconsideration. Then, in January 2023, Kremer moved to correct an illegal sentence in FECR142085, alleging the court sentenced him to felony eluding, when the plea agreement was for an aggravated misdemeanor. The motion noted that the guilty plea was not "filed stamped" until October 8, 2021, but was signed by Kremer before entry of judgment and sentence. The motion also asserted that the mistake "appeared to be a scrivener's error" by the court in drafting the judgment and sentence, and thus could be corrected by a nunc pro tunc order. The court entered a nunc pro tunc

order, correcting the code section and reducing the sentence to a term no greater than two years.

In this appeal, Kremer points out for the first time that the district court entered judgment and sentence on the FECR142085 charges before he filed his written guilty plea. The parties debate whether there is "good cause" under Iowa Code section 814.6(1)(a)(3) for this appeal. That code section bars appeal as a matter of right from a guilty plea unless the defendant can show good cause or has pleaded guilty to a class "A" felony. Sentencing error is good cause. *See, e.g.*, *State v. Davis*, 971 N.W.2d 546, 553–54 (Iowa 2022). But the State contends that because Kremer received the sentence he agreed to in the plea deal, he lacks good cause to appeal.

Kremer claims he need not show good cause because he is contesting "the legality of his conviction and sentence which are not based upon a requisite finding or plea establishing guilt." In the alternative, Kremer argues that even if this is an "appeal from a guilty plea," he is challenging his sentence so he has shown good cause. *See id.*

The State recognizes that judgment and sentence preceded the electronic filing of Kremer's written guilty plea in FECR142085. But it emphasizes that the district court stated in the judgment order that it was "in receipt" of Kremer's written waivers of rights and pleas of guilty in all eight case files, which were "filed by Defendant's attorney, Tyler Johnston."

The court also stated:

> Having reviewed the written pleas and the Minutes of Testimony, the Court finds that the Defendant's pleas are knowingly, voluntarily, and intelligently made, have a factual basis, and accepts the pleas. The

> Defendant further waives the right to file a motion in arrest of judgment and time before sentencing. A finding of guilt and conviction is now entered of record with regard to the above offenses. The Defendant requests immediate sentencing.

True, the record shows that guilty pleas had only been filed in the seven cases involving Kremer's 2020 offenses. But it is evident from the judgment order that the district court had received information about Kremer's plea agreement in FECR142085 and accepted his guilty pleas in that case too. Granted, the court got the terms of the agreement wrong when it entered judgment for felony eluding on count II rather than the aggravated misdemeanor that Kremer bargained for. But when Kremer moved to correct the sentence in FECR142085, he did not question the existence of the guilty plea. In fact, he acknowledged in the motion that he signed the waiver of rights and pleas of guilty for those 2021 offenses before the court entered judgment and sentence, essentially acquiescing to the timing of the judgment entry.

After the district court entered its order nunc pro tunc in January 2023, Kremer had received the sentence agreed to in the plea bargain.[2] On this record,

---

[2] Kremer's motion to correct the sentence and the court's order nunc pro tunc came after he filed his notice of appeal. In past cases, we have recognized that the district court retains jurisdiction to correct sentencing errors, though the correction is generally not accomplished by an order nunc pro tunc. *See, e.g.*, *State v. Jackson*, No. 17-1816, 2018 WL 6706216, at *1 (Iowa Ct. App. Dec. 19, 2018); *State v. Dossouvi*, No. 08-1470, 2009 WL 1492840, at *1–2 (Iowa Ct. App. May 29, 2009); *see also* Iowa R. Crim. P. 2.24(5)(a) ("The court may correct an illegal sentence *at any time*." (emphasis added)); *State v. Valin*, 724 N.W.2d 440, 442 n.1 (Iowa 2006) (noting a statute "may authorize the trial court to enter further orders notwithstanding the taking of an appeal" (citation omitted)).

he cannot establish good cause to appeal.  *See State v. Estabrook*, No. 22-1118, 2023 WL 2671954, at *1 (Iowa Ct. App. Mar. 29, 2023).

**APPEAL DISMISSED.**